Scott C. Clarkson, Esq. (SBN. 143271)
Eve A. Marsella, Esq. (SBN. 165797)
Christine M. Fitzgerald, Esq. (SBN. 259014)
Clarkson, Gore & Marsella, APLC
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: 310/542-0111
Facsimile: 310/214-7254
Email: sclarkson@lawcgm.com

Counsel for Defendant Intelligent Robotics and Controlling, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>AXIUM INTERNATIONAL, INC.,<br><br>Debtor. | Case No. 2:08-bk-10277BB<br><br>Jointly Administered with Case No: 2:09-bk-10376-BB and Substantially Consolidated<br><br>Jointly Administered with Case No: 2:09-bk-10377-BB and Substantially Consolidated |
| In re:<br><br>DIVERSITY MSP, INC.,<br><br>Debtor. | Chapter 7<br><br>Adv. No. 2:09-ap-03031-BB |
| HOWARD M. EHERNBERG, Chapter 7 Trustee of the Jointly Administered Cases of Axium International, Inc. and Diversity MSP, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>INTELLIGENT ROBOTICS AND CONTROLLING, INC, a Michigan corporation,<br><br>Defendant. | RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES FILED BY DEFENDANT INTELLIGENT ROBOTICS AND CONTROLLING, INC.<br><br>Status Conference Hearing<br><br>DATE: April 8, 2010<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 1475 |

In response to the complaint filed by Howard M. Ehernberg, Chapter 7 Trustee of the Jointly Administered Cases of Axium International, Inc. and Diversity MSP, Inc., as Plaintiff ("Plaintiff"), against Defendant Intelligent Robotics and Controlling, Inc. ("Defendant" or "Intelligent Robotics"), Defendant admits, denies, and alleges as follows:

1.     Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7.     Defendant admits only that it is incorporated under the laws of the State of Michigan, and that it has done business in the State of California. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7of the Complaint and therefore denies the same.

8.     Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.     Defendant incorporates by reference as if fully stated herein its responses to paragraphs 1 through 8.

10.     Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint states legal conclusions which do not require a response from Defendant. To the extent that a response is necessary, Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant incorporates by reference as if fully stated herein its responses to

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

paragraphs 1 through 16.

18. Paragraph 18 of the Complaint states legal conclusions which do not require a response from Defendant. To the extent that a response is necessary, Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant incorporates by reference as if fully stated herein its responses to paragraphs 1 through 16.

20. Paragraph 20 of the Complaint states legal conclusions which do not require a response from Defendant. To the extent that a response is necessary, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant incorporates by reference as if fully stated herein its responses to paragraphs 1 through 16.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

24. The Complaint fails to state facts sufficient to state a cause of action against the responding Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Barred by Statutes of Limitations)

25. The Claims for Relief, and each of them, are barred by all applicable statutes of limitations, both federal and state.

### THIRD AFFIRMATIVE DEFENSE
(Safe Harbor/Good Faith Exceptions)

26. The Claims for Relief, and all of them, are barred by all Safe Harbor/Good Faith Exceptions available under applicable statutes, both federal and state.

### FOURTH AFFIRMATIVE DEFENSE
(Lack of Standing)

27. The Claims for Relief, and all of them, are barred by the Plaintiff's lack of standing

RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES
-3-

under applicable statutes, both federal and state.

## FIFTH AFFIRMATIVE DEFENSE

(Ordinary Course of Business)

28. To the extent that the alleged transfers were made for debts incurred and paid by the Debtors in the ordinary course of business or financial affairs between the Debtors and Defendant and (i) made in the ordinary course of business or financial affairs of the Debtors and Defendant or (ii) made according to ordinary business terms, under 11 U.S.C. § 547(c)(2) the alleged transfers are not recoverable by the Plaintiff as an avoidable preference.

## SIXTH AFFIRMATIVE DEFENSE

(Solvency of Debtors)

29. The Debtors were solvent at the time of the alleged transfer.

## SEVENTH AFFIRMATIVE DEFENSE

(New Value Extended)

30. To the extent that Defendant gave new value to or for Debtors' benefit not secured by an otherwise unavoidable security interest pursuant to section 11 U.S.C. § 547(c)(4), the new value that Defendant gave Debtors is sufficient to diminish and/or eliminate any recovery to which the Plaintiff alleges it is entitled in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

(Contemporaneous Exchange for New Value)

31. To the extent that the alleged transfers were intended by Debtors and Defendant to be a contemporaneous exchange for new value given to Debtors and, in fact, were substantially contemporaneous exchanges, under 11 U.S.C. § 547(c)(1) the alleged transfers or portions thereof, are not recoverable by the Plaintiff as an avoidable preference.

## NINTH AFFIRMATIVE DEFENSE

(Funds Were Earmarked and Are Not Part of the Debtors' Estate)

32. The alleged transfers are funds advanced by a third party to Debtors subject to an agreement requiring the Debtors to use the funds to pay Defendant. Therefore, these funds are not part of the Debtor's estate and are not recoverable as an avoidable preference.

RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES
-4-

### TENTH AFFIRMATIVE DEFENSE

(Reservation to Assert Additional Defenses)

33.  Defendant reserves the right to assert additional affirmative defenses.

WHEREFORE, the Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by its Complaint;

2. For reasonable attorney's fees;

3. For costs of suit incurred herein; and

4. For such other relief as the court deems just and proper.

DATED: February 17, 2010

CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION

By: /s/ Scott C. Clarkson
SCOTT C. CLARKSON
EVE A. MARSELLA
Attorneys for Defendant Intelligent Robotic and Controlling, Inc.

RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES
-5-

| In re:<br>AXIUM INTERNATIONAL, INC.,<br><br>Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 2:08-bk-10277-BB<br>ADV. NUMBER: 2:09-ap-03031-BB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3424 Carson St., Suite 350, Torrance, CA 90503

A true and correct copy of the foregoing document described _____ RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES FILED BY DEFENDANT INTELLIGENT ROBOTICS AND CONTROLLING, INC._____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 17, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Attorney for the Plaintiff**
Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

**Plaintiff and Chapter 7 Trustee**
Howard M Ehrenberg    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;hmehrenberg@ecf.epiqsystems.com

**U.S. Trustee**
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On February 17, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**See attached service list**

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 17, 2010 | Michelle A. Carpenter | _signature_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                        **F 9013-3.1**

| In re:<br>AXIUM INTERNATIONAL, INC.,<br><br>Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 2:08-bk-10277-BB<br>ADV. NUMBER: 2:09-ap-03031-BB |
|---|---|

**SERVED BY U.S. MAIL**

### Judge
Honorable Sheri Bluebond
255 East Temple Street, Suite 1482
Los Angeles, CA  90012

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**